GEORGE W. BUGBEE *vs.* STOLLER–HILGERS SILK MILLS, INC.

MARCH 7, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Receivers.  Attachment.  Taxes.*

While personal property of a corporation was under attachment a receiver was appointed, the decree providing for the delivery of the property of the corporation to the receiver and the attached property was so surrendered. There was a claim due the State for corporation taxes and also a claim of

the City of Providence for taxes assessed upon the personal property of the corporation. The city had not levied upon or distrained the property.

*Held,* that the claims should be paid in the following order:  1. Claim of attaching creditor.  2. Fees of receiver and costs and expenses incident to the receivership.  3. Taxes and interest thereon due the State.  4. Taxes and interest thereon due the city.

(*2*)  .*Taxes Upon Personal Property.  Liens.*

There is nothing in the statutes providing that taxes assessed against *personal property* shall constitute a lien upon said property from the time of the assessment.  .

PETITION of receiver for instructions.  Heard on appeal of the City of Providence.  Appeal dismissed and decree affirmed.

RATHBUN, J.  The above action is before us on appeal from a final decree of the Superior Court.  All of the respondent's personal estate was attached in an action of assumpsit brought against the respondent by James Lavell, one of its creditors.  Thereafter George W. Bugbee, another creditor of the respondent corporation, filed a petition in the Superior Court under the provisions of Chapter 1925 of Public Laws of 1920, alleging in said petition that said corporation was insolvent and praying for the appointment of a receiver.  The Superior Court acting upon said petition entered a decree appointing a receiver of said corporation. Said decree directed the receiver to take charge of the estate, effects, business and affairs of said corporation and further directed "that all persons having in their possession any of the property or estate of said corporation shall deliver over said property to said receiver."  In response to said decree the property of the respondent, which was held by a deputy sheriff by virtue of the attachment, was surrendered to the receiver who proceeded to wind up the respondent's business. Said corporation was insolvent and as the receiver was in doubt as to the proper order of payment and distribution he petitioned the Superior Court for instructions.  His petition, in substance, alleged that the total amount of money then in his hands realized from the disposition of the

assets of said corporation, was $3,960.90; that all the personal property of said corporation had been attached by James Lavell, a creditor of said corporation, prior to the appointment of the receiver, for the purpose of collecting from said corporation the sum of $705 due to said Lavell.

In said petition the receiver admitted that the claim of Lavell was just and was due and owing to him from the corporation.. The petition further set forth that costs to the amount of $43.60 incident to said attachment had accrued. The petition also set forth a claim of the State of Rhode Island against said corporation for corporation taxes in the sum of $756.63, and also a claim of the City of Providence for taxes assessed against the respondent corporation amounting to $2,254.12.

The petition prayed for leave to pay claims in the order named. Said petition was heard by the Presiding Justice of the Superior Court who entered a decree directing the receiver to pay first the claim of Lavell and then to pay the fees of the receiver and the costs and expenses incident to the receivership and next to pay taxes and interest thereon due to the State of Rhode Island and then to pay, in so far as he has money in his possession to do so, all taxes and interest thereon due to the City of Providence.

The case is before us on the appeal of the City of Providence from said decree. The State did not appeal. The receiver has in his possession funds sufficient to pay in full the claim of the State of Rhode Island for taxes after satisfying the attachment lien. The question presented is whether the claim of Lavell should be paid prior to the claim of the City of Providence for taxes.

The City of Providence relies on Section 3 of Chapter 62 of the General Laws, 1909, as giving a priority to the City tax. Said section is as follows: "Sec. 3. Whenever any person shall become insolvent, or die insolvent, town taxes due from him or his estate shall have preference, after debts or taxes due the United States and this state, over all other debts or demands, save those due for necessary funeral

charges, and for attendance and medicine during his last sickness."

Did the appointment of the receiver dissolve the attachment and thereby destroy the lien which Lavell obtained by his attachment?  Substantially the same question was considered by this court in *Winsor* v. *Pilgrim Shoe Machinery Co.*, 42 R. I. 73, in which case the court, at page 77, said: "In the circumstances it was the duty of the deputy sheriff to surrender the possession of the property attached to the receiver when the demand was made. The property still remained in the custody of the court and subject to its control; the possession thereof by the order of the court was changed from one officer to another officer of the same court.  The attaching creditor has not lost the benefit of its attachment, but is entitled to priority in the payment of its claim to the amount of the value of the property attached.  To hold otherwise, in our opinion, would be to defeat the purpose of the act."  See also *Ryder* v. *Ryder*, 19 R. I. 192.

The question for our determination is whether a specific lien acquired upon personal property by attachment in an action at law can be displaced by a subsequent claim for taxes on the same property when no tax lien has been obtained by legal process.

Section 19 of Chapter 60, Gen. Laws, 1909, authorizes a tax collector to distrain personal property which by law is not exempt from attachment or distraint.  Section 21 of said chapter recognizes the right of a tax collector to levy upon personal property.  The City at no time either levied upon or distrained the property in question.  Section 3 of said chapter provides that "All taxes assessed against the owner of any real estate shall constitute a lien on such real estate in any town, for the space of two years after the assessment, and, if such real estate be not aliened, then until the same is collected."  Section 29 of said chapter specifically provides that an execution against real estate "upon which a lien for such tax is created by this chapter,

shall be deemed to relate back, and take effect from the time of commencement of such lien." It is significant that said section does not similarly provide that an execution against personal property in a suit for the collection of taxes "shall be deemed to relate back, and take effect, from the time of commencement of such lien" (that is, from the time of the assessment). We find nothing in the statutes providing that taxes assessed against *personal* property shall constitute a lien upon said property from the time of the assessment. Had it been the intention to subject personal property to a lien for taxes immediately upon the assessment or at any time before distraint or levy we think the legislature would have specifically so provided.

(2)

The court below gave taxes a preference over the claims of general unsecured creditors and the City is attempting to gain priority over a lien existing at the time when the receiver was appointed. The statutes gave the City no lien for its taxes and the City acquired no lien by legal proceedings. The only preference which can be given to the City is a preference out of the assets of the estate. The assets of the estate are the proceeds remaining in the possession of the receiver after satisfying the attachment lien which was acquired by the diligence of Mr. Lavell. In *Ryder* v. *Ryder*, 19 R. I. at 192, this court said: "But we understand it to be the established doctrine, both in England and in this country, that assignees in insolvency or bankruptcy, whose rights as representing the general creditors are certainly as great as those of a receiver of a partnership, in the absence of fraud and of statutory regulations, take only the debtor's rights, and consequently are affected with all claims, liens and equities, which would affect the debtor if he himself were asserting his interest in the property." The principle was affirmed in *Winsor* v. *Pilgrim Shoe Machinery Co.*, 42 R. I. 73. The same principle is stated in 23 R. C. L. 56. The law is stated in Jones on Liens, Vol. 1, page 94 (§98), as follows: "A right of prior payment is a preference in the appropriation of the proceeds of the debtor's property

. . . It does not attach to the specific article of property. Hence, if the personal property of the person assessed be attached or assigned before it is seized by the tax-collector, the right of prior payment given by the statute is lost."

The appeal is dismissed; the decree appealed from is affirmed, and the cause is remanded to the Superior Court for further proceedings.

*Harry C. Curtis,* for petitioner.

*Elmer S. Chace, City Solicitor, Henry C. Cram, Assistant City Solicitor, Ellis L. Yatman, Assistant City Solicitor,* for City of Providence.

*Fitzgerald & Higgins, John J. Fitzgerald, William H. Camfield,* for James Lavell.